## Commonwealth v. Streets

*David Richman*, Assistant District Attorney, for Commonwealth.

*Lee Mandel*, for defendant.

PISCIOTTA, J., March 16, 1974.—Defendant appeals from an adjudication of delinquency and a commitment to Cornwell Heights Youth Development Center.

The Constitution of Pennsylvania provides that:

"[E]very man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay": Art. I, §11.

Every criminal case involves three rights and all three must be distinguished and protected: the right of the prosecutor or complainant, the right of the accused, and the right of society. In some respects, these rights may overlap and intermingle. It is the function of the court to balance these rights and to protect and preserve the rights of all. It must hear the evidence, decide the credibility of the witness, the weight to be given to the testimony, the various possible motives influencing a witness and reach a just decision. Balancing the scales of justice is an especially delicate task where a single person is both judge and jury.

This case arises out of gang warfare on the streets of Philadelphia. Each gang has its zealously guarded turf and resents a rival gang from encroaching on it. This leads to frequent battles or rumbles. Weapons of all types are used and not only mayhem but even murder results from these incessant conflicts.

The complainant, Jeffrey Fleshman, and defendant, Cyrus Streets, a minor, were arrested as a result of a gang fight between the Barbary Coast Gang and the Moon gang. The rumble started on one of the main city thoroughfares, Market Street, and spread over several streets. Complainant was placed in a cell with members of the rival gang, who assaulted him,

knocked him down and as a result of the beating he received hospital treatment.

Defendant demurred to all charges and they will be considered separately.

As to conspiracy, the Pennsylvania courts have consistently held that conspiracy may be proved by acts and circumstances sufficient to warrant an inference that the concerted action was the result of an unlawful agreement: Commonwealth v. Neff, 407 Pa. 1 (1962); Commonwealth v. McGurk et al., 105 Pa. Superior Ct. 383 (1932); Commonwealth v. Kelson, 134 Pa. Superior Ct. 132 (1939); and Commonwealth v. Rosen et al., 141 Pa. Superior Ct. 272 (1940).

A similar rule obtains in the Federal courts: Interstate Circuit v. United States, 306 U. S. 208 (1939); United States v. Georgia, 210 F. 2d 45 (3d Cir., 1954).

The complainant testified that he was beaten by the five persons in the cell with him, including defendant, and that defendant took part in the beating. His testimony was credible and convincing.

Defendant, in the judgment of the court, was guilty of a conspiracy to commit assault and battery and as a conspirator he is then liable for the substantive crime of assault and battery and is subject to being "punished as the principal offender": Act of June 24, 1939, P. L. 872, sec. 1105, 18 PS §5105.

The record contains ample evidence to support the charge of disorderly conduct and to meet the requirement that the "public peace is broken or disturbed or the traveling public annoyed": Act of June 24, 1939, P. L. 872, sec. 406, 18 PS §4406.

Defendant was engaged in open warfare between armed gangs on the public highway. He was arrested because he was taking part in the rumble, identified as a gang member by both the police officer and the complainant, and it would be irrational not to find

that his conduct did break the public peace or annoy the traveling public.

On the same day the adjudication was made in the instant case, March 30, 1973, the court adjudged defendant delinquent on another case, petition 8996-72-12, which has not been appealed. Defendant, with another juvenile and two adults, strong-armed an 85-year-old man, Louis Valentine, on the street and robbed him of $25. Defendant was charged with aggravated robbery, larceny, receiving stolen goods and conspiracy. The commitment was made on the basis of both cases.

Complete justice has been done in this case. Defendant received a fair trial, free from error, none of his rights were violated, he was represented by competent counsel, and the overwhelming weight of the evidence established his guilt beyond a reasonable doubt.